UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 16, 2018

To All Counsel of Record

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Mid-American Salt, LLC v. Morris County Cooperative Pricing Council, et al.
Civil Action No. 17-4262 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff's Motion for Reconsideration of this Court's February 20, 2018 Opinion and Order which granted certain defendants' motions to dismiss and motions for judgment on the pleadings. This Court having considered the parties' submissions[1] and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

## DISCUSSION

A. <u>Standard of Review</u>

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Speciality, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the

---

[1] This Court did not consider Plaintiff's Omnibus Reply Memorandum, (Dkt. No. 289), because Plaintiff did not seek permission for leave to file as required by Local Civil Rule 7.1(d)(3) prior to its filing.

availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

> B. The February 20, 2018 Opinion and Order Are Not Clearly Erroneous or Contrary to Law

This Court's February 20th Opinion clearly identified and applied the proper legal standards for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Plaintiff's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. However, Plaintiff points to no such error. Plaintiff acknowledges that this Court examined the contract at issue and relevant case law before determining that the contract is not a requirements contract, (*see, e.g.*, Dkt. No. 264-1 at 2-4), and now merely invites this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Accordingly, Plaintiff's motion will be **DENIED**.[2]

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's February 20, 2018 Opinion and Order is **DENIED**. An appropriate order follows.

                    ___/s/ Susan D. Wigenton_____
                    **SUSAN D. WIGENTON, U.S.D.J.**

---

[2] Plaintiff also asks this Court to conclude that the contract "bars enforcement for lack of mutuality and consideration" and grant Plaintiff "leave to re-plead a claim for promissory estoppel." (Dkt. No. 264-1 at 8-9.) A claim for promissory estoppel was not advanced prior to this Court's February 20th decision and therefore, may not be raised in a motion for reconsideration. *See, e.g.*, *NL Indus. Inc. v. Commerical Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (stating that "[r]econsideration motions . . . may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment"). Plaintiff, a sophisticated business entity with competent counsel, had an opportunity to raise a claim for promissory estoppel in its original complaint, and chose not to do so. Plaintiff may not now use its motion for reconsideration to advance that claim.

Orig: Clerk
cc: Parties
Leda D. Wettre, U.S.M.J.